

ORIGINAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

3-07MC0036-K/BD

DC 10444

**NETFLIX, INC.**

          **Plaintiff,**

**v.**

**BLOCKBUSTER INC.**

          **Defendant.**

**MISC. DOCKET NO.**

```
┌─────────────────────────────────┐
│      U.S. DISTRICT COURT        │
│  NORTHERN DISTRICT OF TEXAS     │
│            FILED                │
│                                 │
│         APR 1 1 2007            │
│                                 │
│  CLERK, U.S. DISTRICT COURT     │
│  By_____    │
│              Deputy             │
└─────────────────────────────────┘
```

## MOTION AND BRIEF FOR PROTECTION AND OBJECTIONS AND RESPONSES OF BLOCKBUSTER INC., SHANE EVANGELIST, EDWARD STEAD, AND RICHARD A. FRANK TO PLAINTIFF NETFLIX, INC.'S THIRD AMENDED NOTICE OF 30(B)(6) DEPOSITION OF BLOCKBUSTER, AMENDED NOTICE OF DEPOSITION OF SHANE EVANGELIST, AMENDED NOTICE OF DEPOSTION AND SUBPOENA OF EDWARD STEAD, AND AMENDED NOTICE OF DEPOSITION AND SUBPOENA OF RICHARD FRANK

Michael L. Raiff
  State Bar No. 00784803
Daniel J. Kelly
  State Bar No. 24041229
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201-2975
Telephone: 214.220.7704
Telecopy: 214.999.7704

**ATTORNEYS FOR MOVANTS**



## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL BACKGROUND ......................................................................... 2

III.  ARGUMENT AND AUTHORITIES ............................................................ 7

     A.    This Court Has The Authority And Should Hear This Discovery Dispute Because The Depositions Are Taking Place In The Northern District of Texas ......................................................................... 8

     B.    Netflix Is Improperly Seeking to Invade The Attorney-Client Privilege By Seeking All Communications Between Blockbuster And Its Trial Counsel.  This Court Should Deny That Discovery. Alternatively, This Court Should Stay Any Discovery On That Issue Pending The Federal Circuit's En Banc Ruling In Re Seagate Technology. ................................................................................................... 9

     C.    Netflix Is Also Improperly Seeking To Invade The Work-Product Immunity By Seeking Trial Counsel's Work Product.  This Court Should Deny That Discovery. Alternatively, This Court Should Stay Any Discovery On That Issue Pending The Federal Circuit's En Banc Ruling In Re Seagate Technology. ............................................. 12

IV.   SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS TO MR. STEAD AND MR. FRANK ............................................. 14

     A.    Requested Materials of Mr. Stead ............................................................ 14

     B.    Requested Materials of Mr. Frank ........................................................... 15

V.    CONCLUSION .......................................................................................... 17



# TABLE OF AUTHORITIES

## CASES

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294 (Fed. Cir. 2001)................................................................................................................................. 9

*Ampex Corp. v. Eastman Kodak Co., No. Civ. A. 04-1373-KAJ*, 2006 WL. 1995140 (D. Del. July 17, 2006) .................................................................................... 11

*Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569 (E.D. Tex. 2006) ......................................... 10

*Avago Technologies General IP Pte. Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 RMW (HRL), 2007 WL 841785 (N.D. Cal. Mar. 20, 2007) .................. 12, 14

*EchoStar Commc'ns Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) .................................................... 10, 13

*Hickman v. Taylor*, 329 U.S. 495 (1947) ...................................................................................... 13

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) .......................................................................................................... 9

*Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763 (7th Cir. 2006) ......................................... 13

*Netflix, Inc. v. Blockbuster Inc.*, No. C 06-02361 WHA, 2006 WL 2458717 (N.D. Cal. Aug. 22, 2006) ..................................................................................................... 4

*Seagate Technology*, 2007 WL. 196403 (Fed. Cir. Jan. 26, 2007) ......................................... 11, 13

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) ......................................................................... 9

## STATUTES

Fed. R. Civ. P. 26(c)............................................................................................... 1, 7, 8, 9

Fed R. Civ. Pr. 30(d)(4)............................................................................................ 1, 7,8

Fed. R. Civ. P. 45(c)(2)(B)................................................................................... 1, 8, 14, 17


TO THE HONORABLE COURT:

Under Federal Rules of Civil Procedure 26(c), 30(d), and 45(c)(2)(B), Defendant/Counter-Plaintiff Blockbuster Inc. ("Blockbuster") for itself and Bryan Stevenson and Shane Evangelist, current employees of Blockbuster, and Edward Stead and Richard Frank, former employees of Blockbuster, three of whom having served or now serving as attorneys for Blockbuster (collectively, "Blockbuster"), file this their Motion for Protection and Brief and Objections and Responses to Netflix, Inc.'s ("Netflix"): (1) Third Amended Notice of 30(b)(6) Deposition of Blockbuster, Inc., (2) Amended Notice of Deposition of Shane Evangelist, (3) Amended Notice of Deposition and Subpoena for documents of Edward Stead, and (4) Amended Notice of Deposition and Subpoena for documents of Richard A. Frank.

## I.    INTRODUCTION

Blockbuster moves the Court for its protection from Netflix's unfounded attempt to invade the attorney-client privilege and force disclosure of admittedly attorney-client communications. There are both ongoing and upcoming depositions noticed by Netflix of several party and third-party depositions in Dallas in a patent infringement action against Blockbuster pending in California. By its questioning – including the questions Netflix asked Bryan Stevenson, in-house counsel at Blockbuster, during his deposition on April 10 and its questions of Edward Stead, the company's former General Counsel, on April 11 – and its notices, Netflix seeks to transform Blockbuster's reliance on the advice of its patent counsel to defend against Netflix's claim of willful patent infringement into a sweeping and unwarranted waiver of the attorney client privilege with the very lawyers who are defending the patent infringement case, lawyers who have never provided any opinion on the validity of the patents at issue. Blockbuster seeks relief from this Court to

halt this unjustified intrusion into these privileged communications. Blockbuster has not waived privilege communications with its trial counsel. Its only waiver is the opinion of invalidity provided by its outside patent counsel. Although the case authority is split on the extent of the waiver, it will soon be clarified by the Federal Circuit. Until that time, no waiver with trial counsel should be found because the harm will have been done and is irremediable should the Federal Circuit hold there is no such sweeping waiver, as is expected.

## II.    FACTUAL BACKGROUND

The video rental business has been in existence for decades and, with the advent of the Internet, video rental over the Internet has emerged. Netflix entered the Internet DVD subscription business in 1999. Blockbuster has rented DVDs for many years in its stores throughout the United States and, more recently, Blockbuster began renting DVDs over the Internet. In April 2000, Netflix applied for a patent, broadly claiming subscription rentals, not only for movies, but also for any kind of "item." In its patent application for this alleged "invention," Netflix failed to disclose any prior art whatsoever, despite the existence of substantial prior art and its legal and ethical duty of candor to the United States Patent and Trademark Office. On June 24, 2003, after a cursory Patent Office examination, Netflix received a patent, U.S. Patent No. 6,584,450 (the '450 patent) for this so-called invention. Before the issuance of the '450 patent, Netflix had also filed a "continuation" application, which ultimately resulted in the issuance of a second Netflix patent, U.S. Patent No. 7,024,381 (the '381 patent). This time Netflix disclosed over 100 items of prior art, thus flooding the patent office. Notably, on neither occasion did Netflix disclose prior art patents in favor of NCR, even though both during the applications for the first and second patents NCR made a claim of

patent infringement against Netflix.  Moreover, before the second Netflix patent issued, Netflix sued NCR for declaratory relief that it was not infringing on the NCR patents.

On March 9, 2004, Richard Frank, then Senior Vice President of Blockbuster, and Edward B. Stead, then Executive Vice President and General Counsel of Blockbuster, received an opinion letter from Baker Botts L.L.P. on the invalidity of the '450 patent.  In the letter, Baker Botts concluded that all claims of the '450 patent are invalid based on previously published documents.  Also, in and around 2003 and 2004, in anticipation of a patent infringement lawsuit by Netflix, Blockbuster consulted with the law firm of Shearman & Sterling, LLP about claims and defenses in potential litigation with Netflix.  As a consequence, Shearman & Sterling prepared litigation analysis for Blockbuster.

On April 4, 2006, nearly two years after Blockbuster entered the online rental market and on the same day that the '381 patent issued, Netflix filed suit against Blockbuster in the Northern District of California, alleging Blockbuster's online DVD rental services infringed the '450 patent and the then just-issued '381 patent.  Netflix has also alleged that Blockbuster's infringement of these two patents was (and continues to be) willful.  Blockbuster denies Netflix's allegations of infringement and willful infringement.  Blockbuster has asserted that the '450 and '381 patents are invalid and unenforceable and that Netflix's suit is barred by patent misuse, laches, and estoppel. Blockbuster has also asserted counterclaims against Netflix, under federal antitrust laws, for its fraudulent patenting and sham litigation.  Blockbuster retained the law firm of Alschuler Grossman LLP, located in Los Angeles, California, to defend Blockbuster in the Netflix suit pending in the Northern District of California.



On August 22, 2006, the district court for the Northern District of California denied Netflix's motion to dismiss Blockbuster's antitrust counterclaims and denied Netflix's motion to strike Blockbuster's affirmative defenses of inequitable conduct and patent misuse. *See Netflix, Inc. v. Blockbuster Inc.*, No. C 06-02361 WHA, 2006 WL 2458717 (N.D. Cal. Aug. 22, 2006). A true and correct copy of that decision is attached at Tab A.

On March 29, 2007, Shane Evangelist, Senior Vice President and General Manager of Blockbuster Online, received an opinion letter from the intellectual property law firm of Blakely Sokoloff Taylor & Zafman, located in Silicon Valley, California, on the invalidity of the '381 patent. In that letter, the Blakely firm concluded that all claims of the '381 patent are likewise invalid. The following day, on March 30, 2007, in support of its advice-of-counsel defense to Netflix's charges of willful infringement, Blockbuster – through its counsel, Alschuler Grossman LLP – produced to Netflix the opinion letters on the invalidity of the '450 and '381 patents. The Alschuler Grossman firm had no role in the filing or prosecution of the patents in dispute and they did not prepare the opinion letters on the invalidity of the patents at issue. Rather, since the time Netflix filed this suit, the Alschuler Grossman firm has only served as Blockbuster's trial counsel in this litigation. *See* Declaration of Marshall B. Grossman, attached at Tab B. Netflix and Blockbuster are currently engaged in extensive discovery and depositions and document production is ongoing.

Netflix has now unleashed a slew of deposition notices and subpoenas for depositions of current and former Blockbuster employees noticed to occur in Dallas, Texas during the weeks of April 9 and 16. In doing so, Netflix improperly seeks to

invade the attorney-client privilege and force these Blockbuster witnesses to reveal, to the extent they occurred, all conversations with trial counsel about Blockbuster's litigation strategy in this case.  Indeed, on April 10, during the 30(b)(6) deposition of Bryan Stevenson, in-house counsel at Blockbuster, Netflix's counsel asked a series of questions about privileged communications Mr. Stevenson had with Blockbuster's trial counsel.  A true and correct copy of excerpts from the rough transcript of Bryan Stevenson's April 10, 2007 deposition is attached hereto at Tab D.  For example, among other questions, Netflix asked Mr. Stevenson, whether "[p]rior to Blockbuster's decision to waive the attorney-client privilege with respect to the '450 patent, did Blockbuster receive any written documents from Alschuler Grossman [Blockbuster's trial counsel] regarding the validity or invalidity of the '450 patent?" Tab D at 170.  In addition, Netflix's counsel asked Mr. Stevenson whether he "discuss[ed] the validity or invalidity of the '450 and '381 patents" when he met with his trial counsel to prepare for his deposition.  Tab D at 176-77.  Blockbuster's counsel instructed Mr. Stevenson not to answer those questions not only because they were beyond the scope of his 30(b)(6) deposition on document retention issues, but also because they concerned privileged communications with his counsel.  Likewise, Netflix also has sought to invade the attorney-client privilege through its questioning of Mr. Stead on April 11.

The following summarizes the other depositions scheduled to occur in Dallas that Netflix has noticed thus far:

- **30(b)(6) Deposition Notice**

On April 4, 2007, Netflix served Blockbuster with its Third Amended Notice of a 30(b)(6)Deposition of Blockbuster, Inc.  A true and correct copy of that 30(b)(6) Notice



is attached as Exhibit 4 to the Declaration of Marshall B. Grossman at Tab B. Netflix's 30(b)(6) Notice lists nine different topics. Notably, topic Nine concerns, "All COMMUNICATIONS between BLOCKBUSTER and its counsel, including but not limited to in-house counsel; Alschuler Grossman, LLP and its predecessor firms; Baker Botts, LLP; Blakely Sokoloff Taylor & Zafman, LLP; and/or Shearman & Sterling, LLP, regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT." (emphasis in original). Blockbuster designated two witnesses, Mr. Stevenson and Mr. Evangelist, Senior Vice President of Blockbuster and General Manger of Blockbuster Online, as 30(b)(6) witnesses. As discussed above, Mr. Stevenson has already testified and answered questions about Blockbuster's efforts to retain and locate documents in response to Netflix's document requests to Blockbuster (topic 8). Mr. Evangelist will address topics 1-7. Netflix will now depose Mr. Evangelist in Dallas on those topics during the week of April 16.

- **Shane Evangelist Deposition Notice**

Netflix will also depose Mr. Evangelist in his individual capacity the week of April 16 in Dallas. On March 28, 2007, Netflix served a deposition notice for the deposition of Mr. Evangelist. A true and correct copy of that Notice is attached as Exhibit 2 to the Declaration of Marshall B. Grossman at Tab B.

- **Edward Stead Deposition Subpoena and Document Request**

On March 28, 2007, Netflix issued a subpoena to Mr. Stead, Blockbuster's former general counsel, requiring him to appear at his deposition on April 11, 2007 in Dallas. The subpoena also included a document request seeking a very broad category of documents, including privileged documents. A true and correct copy of the subpoena

served on Mr. Stead is attached hereto as Exhibit 1 to the Declaration of Marshall B. Grossman at Tab B. A list of Blockbuster's and Mr. Stead's specific objections to those document requests are set forth below in Section IV of this Motion.

- **Richard Frank Deposition Subpoena and Document Request**

On April 6, 2007, Netflix issued a subpoena for Mr. Frank, former Vice President of Blockbuster, to appear at his deposition on April 20, 2007 in Dallas. The subpoena for Mr. Frank also included a document request seeking a very broad category of documents, including privileged documents. A true and correct copy of the subpoena served on Mr. Frank is attached as Exhibit 3 to the Declaration of Marshall B. Grossman at Tab B. A list of Blockbuster's and Mr. Frank's specific objections to those document requests are set forth below in Section IV of this Motion.

As Blockbuster did during Mr. Stevenson's deposition, to the extent Netflix asks questions relating to any privileged communications Blockbuster employees (or former employees) had with trial counsel, Blockbuster (and counsel for the witness) will instruct the witness not to answer any of those questions until and unless this Court rules otherwise. Similarly, Blockbuster (and counsel for the witness) will instruct the witness not to answer any other questions that Netflix asks that improperly invade the attorney-client privilege (*i.e.*, questions that go beyond the narrow waiver made by Blockbuster when it produced the opinion letters in support of its advice-of-counsel defense).

## III. ARGUMENT AND AUTHORITIES

Blockbuster and Messrs. Evangelist, Stevenson, Stead, and Frank respectfully request a protective order under Rules 26(c) and 30(d)(4), relieving them from any obligation to answer any questions that improperly invade the attorney-client privilege.



Blockbuster and Messrs. Stead and Frank also object under Rule 45(c)(2)(B), to the subpoenas served on Messrs. Stead and Frank.

A.   **This Court Has The Authority And Should Hear This Discovery Dispute Because The Depositions Are Taking Place In The Northern District of Texas.**

Blockbuster seeks relief from this Court to halt Netflix's unwarranted intrusion into privileged attorney-client communications between Blockbuster and its trial counsel. Netflix is engaging in these abusive discovery tactics in this District and irreparable harm will be done if Netflix is allowed to continue to inquire into these privileged communications. Federal Rule of Civil Procedure 26(c) provides, in pertinent part, that, "Upon motion by a party or by the person from whom discovery is sought,...the court in which is the action is pending *or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires* to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had;...(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters...." (emphasis added). Similarly, Rule 30 (d)(4) provides that, "At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending *or the court in the district where the deposition is being taken* may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c)." (emphasis added).

Blockbuster is entitled to seek relief from this Court because Netflix has chosen to engage in this improper and abusive discovery in the Northern District of Texas. Fed. R. Civ. P. 26(c) and 30(d)(4).

**B.      Netflix Is Improperly Seeking to Invade The Attorney-Client Privilege By Seeking All Communications Between Blockbuster And Its Trial Counsel. This Court Should Deny That Discovery. Alternatively, This Court Should Stay Any Discovery On That Issue Pending The Federal Circuit's *En Banc* Ruling *In Re Seagate Technology*.**

Court after court recognizes the critical importance of the attorney-client privilege. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("The privilege recognizes that sound legal advice or advocacy serves the public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client"). As the Supreme Court noted, the attorney-client privilege encourages "full and frank communication between attorneys and their clients." *Id.*; *see also Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("There should be no risk of liability in disclosures to and from counsel in patent matters; such risk can intrude upon full communication and ultimately the public interest in encouraging open and confident relationships between client and attorney."). Netflix, in its gambit in this District, seeks to eviscerate the attorney-client privilege and turn Blockbuster's limited waiver of privilege into a wholesale waiver of the privilege as to "ALL Communications between BLOCKBUSTER and its counsel, including but not limited to in-house counsel; Alschuler Grossman, LLP." Tab B, Exhibit 4; *see also* Tab D, excerpts from Mr. Stevenson's April 10, 2007 deposition. This Court should reject Netflix's ploy.

Federal Circuit law governs this discovery dispute because it implicates "substantive patent law." *See Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265



F.3d 1294, 1307 (Fed. Cir. 2001). Again, Blockbuster obtained invalidity opinions from Baker Botts LLP on the '450 patent and from Blakely Sokoloff Taylor & Zafman on the '381 patent. Blockbuster's trial counsel produced these two opinion letters to Netflix to support Blockbuster's advice-of-counsel defense to Netflix's claim of willful infringement. Contrary to Netflix's assertion, any resulting waiver of privilege by Blockbuster was limited, however. Because it is the accused infringer's state of mind that is at issue in any determination of willfulness, discovery into privileged and protected documents and information may proceed only to the extent that the privileged and protected material was actually communicated by or to the accused infringer in connection with opinion counsel's preparation and delivery of the opinion. *See, e.g., Autobytel, Inc. v. Dealix Corp.*, 455 F.Supp.2d 569, 572 (E.D. Tex. 2006) (Davis, J.) ("When a defendant asserts an advice-of-counsel defense, the defendant waives the privilege as to both attorney-client communications and communicated work product regarding the subject matter of the opinion because such documents are evidence of a relevant and non-privileged fact, namely what the defendant knew about infringement") (citing *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1302-03 (Fed. Cir. 2006)). The waiver does not extend to trial counsel. Blockbuster has not waived the privilege with its trial counsel. Moreover, to the extent Netflix seeks any in-house counsel communications and communicated work product where Blockbuster's in-house counsel acted as a "conduit" for Blockbuster's trial counsel, Blockbuster has not waived privilege as to any of those communications either. *See Autobytel, Inc.*, 455 F.Supp.2d at 576 ("To hold otherwise would effectively allow discovery of trial-counsel communications and

work product merely because of how privileged trial-counsel documents were disseminated to [defendant]").

Netflix's deposition notices, subpoenas, and the questions Netflix's counsel asked during the deposition of Mr. Stevenson far exceed the recognized limitation of the waiver. Indeed, at least one other court that has looked at this issue held that the Federal Circuit's decision in *EchoStar* could not be read to imply a broad waiver of the privilege. *See Ampex Corp. v. Eastman Kodak Co.*, No. Civ. A. 04-1373-KAJ, 2006 WL 1995140 (D. Del. July 17, 2006) (not reported in F.Supp.2d) (rejecting plaintiff's contention that under *EchoStar* an advice-of-counsel defense in a patent case effects a wholesale waiver of the privilege and that plaintiff was entitled to all of defendant's attorney-client communications with its trial counsel). As the Court in *Ampex* observed, the Federal Circuit did not intend "a wholesale revision of the historical understanding of the attorney-client privilege." *Id.* at *3.

Alternatively, this Court should stay any discovery on the issue of whether Blockbuster has waived the attorney-client privilege as to trial counsel by having produced these two opinion letters because the Federal Circuit has recently granted *en banc* review on that exact question. *In re Seagate Technology, LLC*, 2007 WL 196403 (Fed. Cir. Jan. 26, 2007) (considering the question of whether a party's assertion of the advice-of-counsel defense to willful infringement extends waiver of the attorney-client privilege to communications with trial counsel). In *Seagate*, the defendant, Seagate, asserted the advice-of-counsel defense and relied on opinions related to infringement, invalidity, and enforceability in defense of plaintiff's willful infringement claim. The opinion counsel and litigation counsel were separate and independent. The plaintiff

11

sought discovery of all communications pertaining to these subjects and even depositions of the lead trial lawyers for the defendant.  The defendant asserted privilege for its communications with trial counsel.  The magistrate and district court required Seagate to produce all communications with trial counsel concerning infringement, invalidity, and enforceability – "even if it is communicated in the context of trial preparation."  *See* Petition for a Writ of Mandamus, 2007 WL 903947 (quoting district court order). Seagate filed a petition for writ of mandamus with the Federal Circuit, which decided *sua sponte* to hear the matter *en banc*.  The Federal Circuit has ordered a stay of discovery in that case pending its resolution of this important question.  This Court should do the same.

If this Court permits discovery on communications with trial counsel prior to the Federal Circuit's ruling in *In re Seagate*, Blockbuster will suffer irreparable harm and prejudice if the Federal Circuit rules that the assertion of the advice-of-counsel defense does not extend the waiver of privilege to communications with trial counsel.  *See Avago Technologies General IP Pte. Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 RMW (HRL), 2007 WL 841785 (N.D. Cal. Mar. 20, 2007) (deferring ruling on whether defendant waived attorney-client and work product immunity over all communications with trial counsel until the Federal Circuit rules on *In Re Seagate*).

**C.    Netflix Is Also Improperly Seeking To Invade The Work-Product Immunity By Seeking Trial Counsel's Work Product.   This Court Should Deny That Discovery. Alternatively, This Court Should Stay Any Discovery On That Issue Pending The Federal Circuit's *En Banc* Ruling *In Re Seagate Technology*.**

Netflix's questioning of Mr. Stevenson, its 30(b)(6) Notice, and some of the document requests and questions of Mr. Stead (see below, Request 5) and Mr. Frank (see below, Requests 1 and 2) are also so broadly phrased that they seek discovery of trial

counsel's work product. As with the attorney-client privilege, the courts have zealously guarded the attorney work-product immunity. *See Hickman v. Taylor*, 329 U.S. 495, 510 (1947) (stating that files and mental impressions of an attorney that are prepared in the course of legal duties are "outside the arena of discovery and contravenes public policy underlying the orderly prosecution and defense of legal claims"); *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 767-68 (7th Cir. 2006) ("The work-product doctrine shields materials that are prepared in anticipation of litigation from the opposing party, on the theory that the opponent shouldn't be allowed to take a free ride on the other party's research, or get the inside dope on that party's strategy"). The Federal Circuit, in *In re Echostar*, also recognized the importance of the work-product immunity because it "promotes a fair and efficient adversarial system by protecting the attorney's thought processes and legal recommendations from the prying eyes of his or her opponents." 448 F.3d at 1301.

Here, Netflix should not be entitled to discovery of any of Blockbuster's trial counsel's work product because trial counsel did not prepare either of the opinion letters Blockbuster requested concerning the '450 and '381 patents. *See* Declaration of Bryan Stevenson at Tab C. Moreover, in any event, the Federal Circuit is also addressing this same issue of waiver as to work product in the *In re Seagate* proceedings. *In re Seagate Technology*, 2007 WL 196403 (Fed. Cir. Jan. 26, 2007) (considering the question of whether a party's assertion of the advice-of-counsel defense to willful infringement extends to waiver of the work-product immunity). Again, as with communications with trial counsel, Blockbuster would be prejudiced if this Court permits discovery of trial counsel's work product before the Federal Circuit addresses that issue. The Court should



delay any discovery on that matter until the Federal Circuit answers this question. *See Avago Technologies General IP Pte. Ltd.*, 2007 WL 841785, at *1 (deferring ruling on whether defendant waived work product immunity for all communications with trial counsel until the Federal Circuit rules on *In Re Seagate*).

## IV. SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS TO MR. STEAD AND MR. FRANK.

Blockbuster, Messrs. Stead and Frank incorporate their general arguments above regarding the Motion for Protection into their Specific Responses and Objections, made pursuant to Rule 45(c)(2)(B),[1] to Netflix's document requests to Mr. Stead and Mr. Frank that are set forth below.

### A. Requested Materials of Mr. Stead

*1. All documents relating to your work with Blockbuster on BlockbusterOnline, or any online rental service operated, or to be developed, owned, acquired, or operated by Blockbuster.*

<u>Response to Request 1:</u>   Blockbuster and Mr. Stead object to Request 1 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Blockbuster and Mr. Stead object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

*2. All documents relating to Netflix, including but not limited to Netflix's online rental methods, user experience, website design, and patents.*

<u>Response to Request 2:</u>   Blockbuster and Mr. Stead object to Request 2 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Blockbuster and Mr. Stead object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

---

[1] Rule 45(c)(2)(B) provides that a person commanded to produce documents may "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objections to producing any or all of the designated materials...If objection is made, the party serving the subpoena shall not be entitled to inspect, copy...except pursuant to an order of the court by which the subpoena was issued."

*3. All documents relating to services, consultation, or other work product provided by Accenture, IBM or other third party consultants to Blockbuster in connection with BlockbusterOnline or any online rental service operated, or to be developed, owned, acquired, or operated by Blockbuster.*

Response to Request 3: Blockbuster and Mr. Stead object to Request 3 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Blockbuster and Mr. Stead object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

*4. All documents relating to analyses of the market in which Blockbuster and Netflix operate as well as of participants in that market, including Blockbuster and Netflix themselves.*

Response to Request 4: Blockbuster and Mr. Stead object to Request 4 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Blockbuster and Mr. Stead object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

*5. All documents relating to Netflix, Inc. v. Blockbuster, Inc., Case No. C-06-2361 (WHA), currently pending in the United States District Court for the Northern District of California.*

Response to Request 5: Blockbuster and Mr. Stead object to Request 5 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Netflix is not entitled to discover the mental impressions and other work product of Blockbuster's trial counsel in this case. Moreover, Blockbuster and Mr. Stead object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

*6. Documents sufficient to show the reasons for your departure from Blockbuster.*

Response to Request 6: Blockbuster and Mr. Stead object to Request 6 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**B.    Requested Materials of Mr. Frank**

*1. All documents, including but not limited to communications relating to the validity or invalidity of any claim of either of the patents-in-suit.*

**Response to Request 1:** Blockbuster and Mr. Frank object to Request 1 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Netflix is not entitled to discover the mental impressions and other work product of Blockbuster's trial counsel in this case. Moreover, Blockbuster and Mr. Frank object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

*2. All documents relating to any study, analysis, review, conclusion or opinion (including opinion of counsel) by either Richard A. Frank or any other person, whether written or oral, as to the validity or invalidity of any claim of either of the patents-in-suit, or to the research, investigation or preparation of any such document.*

**Response to Request 2:** Blockbuster and Mr. Frank object to Request 2 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Netflix is not entitled to discover the mental impressions and other work product of Blockbuster's trial counsel in this case. Moreover, Blockbuster and Mr. Frank object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

*3. All communications relating to agreements to license any patents owned or controlled by NCR.*

**Response to Request 3:** Blockbuster and Mr. Frank object to Request 3 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Blockbuster and Mr. Frank object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

*4. All documents reflecting royalties paid by third parties to NCR relating to any NCR intellectual property.*

**Response to Request 4:** Blockbuster and Mr. Frank object to Request 4 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Blockbuster and Mr. Frank object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.


*5. All documents relating to agreements to resolve any claims of infringement of any patents owned or controlled by NCR.*

<u>Response to Request 5:</u>  Blockbuster and Mr. Frank object to Request 5 to the extent that it seeks material that is subject to attorney-client privilege and the work product doctrine, and that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Blockbuster and Mr. Frank object to this request because it is overly broad and duplicative of discovery that Netflix has already directed to Blockbuster.

## V.    CONCLUSION

For these reasons, Blockbuster for itself and Bryan Stevenson, Shane Evangelist, Edward Stead, and Richard Frank respectfully moves the Court under Rules 26(c) and 30(d) for protection and objects to the subpoenas of Messrs. Stead and Frank under Rule 45(c)(2)(B).  Blockbuster and Messrs. Stevenson, Evangelist, Stead, and Frank are entitled to a protective order relieving them of answering any questions that would divulge any attorney-client communications with Blockbuster's trial counsel or having to produce any work-product or attorney-client documents concerning Blockbuster's trial counsel.

Respectfully submitted,

Michael L. Raiff
  State Bar No. 00784803
Daniel J. Kelly
  State Bar No. 24041229
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Telephone: 214.220.7704
Telecopy:  214.999.7704

**ATTORNEYS FOR MOVANTS**

## CERTIFICATE OF CONFERENCE

During depositions on April 10 and 11, 2007, counsel for Movants, Michael Raiff, had conversations with Netflix's counsel, Eugene Paige, concerning deposition questions that improperly invaded the attorney-client privilege and work product privilege. Netflix's counsel disagreed with Mr. Raiff's instructions to the witness and Netflix's lawyer stated that he believes there has been a broader waiver. As a consequence, under Local Rule 7.1(b), the parties could not reach agreement on the issues reflected in this Motion.

Dated:  April 11, 2007

By: _____  with permission

Michael E. Raiff
Attorney for Movants

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served by the method identified below this 11th day of April, 2007:

Jeffrey Chanin                                    **By Fax**
Daralyn J. Durie
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Attorneys for Plaintiff
NETFLIX, INC.


Marshall B. Grossman                              **By Fax**
William J. O'Brien
ALSCHULER GROSSMAN LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404
Attorneys for Defendant
BLOCKBUSTER INC.


_____
Daniel J. Kelly


Dallas 1239079v.1