## DECLARATION OF MARSHALL B. GROSSMAN

I, Marshall B. Grossman, declare:

1. I make this declaration on the basis of personal knowledge. If called to testify as a witness, I would and could testify competently to the matters stated herein.

2. I am a lawyer in the law firm of Alschuler Grossman LLP, located in Los Angeles, California. I am one of the attorneys in our law firm defending Blockbuster, Inc. in litigation filed by Netflix, Inc. now pending in the United States District Court, Northern District of California, Case No. C062 361 WHA.

3. The subject of the litigation is two patents issued to Netflix, Inc. and Netflix's claims against Blockbuster that it infringed on each of these two patents. Among Blockbuster's defenses is the defense that the patents are invalid and were procured through fraud on the United States Patent Office.

4. Our law firm, Alschuler Grossman LLP, had no role whatsoever in the filing or prosecution of the subject patents or any role whatsoever in connection with these patents until it was retained to defend the subject litigation shortly after it was filed. The litigation was filed on April 4, 2006, the date when the second of the two patents was issued.

5. At no time to my knowledge has Blockbuster ever waived the attorney-client privilege with respect to any communications between it and our law firm.

6. Ed Stead, Esq. is the former general counsel of Blockbuster. Netflix has served him with a subpoena to appear at his deposition which is now scheduled to occur on April 11, 2007 in Dallas, Texas. A true and correct copy of the subpoena and document request served upon Mr. Stead is attached hereto as Exhibit 1.

regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT."

11. Also, late in the day on April 4, 2007, our law firm was served with a subpoena issued out of the Central District of California requiring our firm to testify and produce documents in the subject litigation. A true and correct copy of the subpoena is attached hereto and marked as Exhibit 5.

12. The deposition is designated as a 30(b)(6) deposition.

13. Exhibit 1 to our subpoena to our firm is a schedule titled "Matters Upon Which Examination Requested." Each and every one of the topics is directed to communications between Blockbuster and this law firm "regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT."

14. Any communications which our law firm has ever had, if any, with Blockbuster "regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT" were limited to the defense of the litigation and are protected by the attorney-client privilege. Our law firm is duty bound to respect that privilege and hold the privilege inviolate and we intend to do so. At no time has Blockbuster ever authorized us to waive or in any way compromise the attorney-client privilege and relationship which it has with our law firm.

15. We have provided no legal opinions to Blockbuster concerning the validity of invalidity of any patent.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of April, 2007 at Santa ~~Monica~~ Barbara, California.

                                                Marshall B. Grossman

Dallas 1239199v1

4