1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
6  Attorneys for Plaintiff
   NETFLIX, INC.
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10
11 NETFLIX, INC., a Delaware corporation,        Case No. C 06 2361 WHA (JCS)
12                              Plaintiff,       AMENDED NOTICE OF DEPOSITION
                                                 OF EDWARD STEAD
13       v.
                                                 Date:     April 11, 2007
14 BLOCKBUSTER, INC., a Delaware                 Time:     9:30 a.m.
   corporation, DOES 1-50,                       Place:    Figari & Davenport, LLP
15                                                         3400 Bank of America Plaza
                                Defendant.                 901 Main Street
16                                                         Dallas, Texas 75202
17 AND RELATED COUNTERCLAIMS                     Complaint filed:   April 4, 2006
18
19
20
21
22
23
24
25
26
27
28

389503.01

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 45 of the Federal Rules of

3  Civil Procedure, Plaintiff, Netflix, Inc. ("Netflix"), by and through its attorneys, will take the

4  deposition of Edward B. Stead, 3704 Stratford Avenue, Dallas, Texas, 75205, telephone:

5  (214) 522-7456, beginning at 9:30 a.m. on April 11, 2007 and continuing from day to day until

6  completed, except for weekends and holidays. Such deposition will take place at the offices of

7  Figari & Davenport, LLP, 3400 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202,

8  telephone (214) 939-2000, or such other time and place as may be mutually agreed upon by

9  counsel.

10  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil

11  Procedure 30(b)(2), the deposition will be taken before a notary public or other officer

12  authorized by the law to administer oaths and will be recorded both stenographically and by

13  sound-and-visual means (i.e., by videotape). Furthermore, provision will be made for real-time

14  monitoring using LiveNote™ or similar means. Netflix reserves the right to use these recordings

15  at the time of trial.

16  A copy of the subpoena for Edward B. Stead's deposition is attached to this notice. Mr.

17  Stead is asked to produce documents and tangible things as set forth in Attachment A to the

18  Subpoena.

19

20  Dated: March 28, 2007

KEKER & VAN NEST, LLP

By: _____
KEVIN T. REED
Attorneys for Plaintiff
NETFLIX, INC.

389503.01

1
AMENDED NOTICE OF DEPOSITION OF EDWARD STEAD
CASE NO. C 06 2361 WHA (JCS)

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
<u>　　NORTHERN　　</u> DISTRICT OF <u>CALIFORNIA</u>

NETFLIX, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

v.

BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50

Case Number:[1] C 06 2361 WHA (JCS)
United States District Court
Northern District of California

TO: EDWARD B. STEAD
3704 Stratford Avenue
Dallas, TX 75205

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Figari & Davenport, LLP, 3400 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202 (214)393-2099 | April 11, 2007 9:30 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Figari & Davenport, LLP, 3400 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202 (214)393-2000 | March 23, 2007 10:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff NETFLIX, INC. | March 28, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
KEVIN T. REED, KEKER & VAN NEST, 710 Sansome Street, San Francisco, CA 94111
(415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A TO SUBPOENA

## DEFINITIONS

As used herein, unless otherwise stated, the terms listed below shall be defined as follows:

1. "YOU" and "YOUR" refers to EDWARD B. STEAD and his agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on his behalf.

2. "BLOCKBUSTER" mean Blockbuster, Inc., its parents, subsidiaries, divisions, affiliates, assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

3. "BLOCKBUSTERONLINE" refers to Blockbuster's online rental service, its predecessors (including, but not limited to, Film Caddy) and successors.

4. "NETFLIX" means Netflix, Inc., its parents, subsidiaries, divisions, affiliates, predecessors, assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

5. "IBM" refers to International Business Machines Corp., its parents, subsidiaries, divisions, affiliates, predecessors assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

6. "ACCENTURE" refers to Accenture, Inc., its parents, subsidiaries, divisions, affiliates, predecessors assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

7. "PERSON" means individual, individuals, entity, or entities, including, but not limited to, firms, associations, organizations, corporations, partnerships, joint ventures, trusts, or

other collective organization or entity, any federal, state, or local government or governmental agency, and any foreign government or foreign government agency or other organization recognizable at law, and the "acts" of a person, are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

8. "DOCUMENT" means any original and every non-identical copy or reproduction of any document, thing, writing, or record, including but not limited to: any written, printed, typed, or other graphic matter of any kind or nature; any physical object or thing; all mechanical, magnetic, digital, or electric sound or video recordings or transcripts thereof; any retrievable data, communication (including, but not limited to, electronic mail), information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also, without limitation, agreements, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memorandums, instructions, letters, maps, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodicals, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips, transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers, wherever located. "DOCUMENT" also means all copies of documents, by whatever means made (including, but not limited to, carbon, handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and includes all non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon, attached thereto, or otherwise). "DOCUMENT" also includes any and all data compilations from which information can be obtained.

9. The term "DOCUMENT" also includes any document which did exist, but, as of

2

   (a) the author(s) of the DOCUMENT;

   (b) the nature of the DOCUMENT (e.g., letter, memorandum, chart);

   (c) the identity of ALL person(s) who received copies of the DOCUMENT;

   (d) the date of the DOCUMENT;

   (e) a brief description of the subject matter of the DOCUMENT; and

   (f) the legal ground upon which YOU rely in withholding the DOCUMENT.

In addition, for each author, addressee, or recipient, YOU should provide the person's full name, title, and employer or firm, and denote each attorney with an asterisk. For each DOCUMENT or portion of a DOCUMENT withheld on the grounds of privilege, YOU should state the general subject matter of each DOCUMENT, the number of pages of the DOCUMENT, and a description that, although not revealing privileged information, provides sufficiently detailed information to assess the applicability of the privilege claimed. For each DOCUMENT withheld under a claim of work-product privilege, YOU should state whether YOU assert that the DOCUMENT was prepared in anticipation of litigation and, if so, identify the litigation. ANY pages or portions of a DOCUMENT as to which no privilege is claimed should be produced, and if only portions of a DOCUMENT are withheld on the basis of privilege, the withheld portions should be indicated by stamp or other marking showing redaction.

4.   ALL DOCUMENTS requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a DOCUMENT that is part of a file, docket, or other grouping should be physically produced together with ALL other DOCUMENTS from that file, docket, or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each DOCUMENT and thing produced in response hereto, YOU should identify the request that the DOCUMENT is responsive to. In responding to these requests, YOU should produce DOCUMENTS as they are kept in their original condition (e.g., DOCUMENTS that were stapled, clipped, or otherwise fastened together should be produced in that form).

4

5.      If YOU object to any request, YOU should state with specificity ALL grounds for the objection.

6.      If any DOCUMENT cannot be produced in full, YOU should produce the DOCUMENT to the extent possible and specify YOUR reasons for being unable to produce the remainder.

7.      If any responsive DOCUMENTS have been destroyed or lost, YOU should set forth the content of the DOCUMENT, the location of ANY copies of the DOCUMENT, and the date of the destruction or loss, and YOU should identify the person who ordered or authorized the destruction or who is responsible for the loss.

8.      To the extent required by Rule 26(e) of the Federal Rules of Civil Procedure, YOU should promptly produce ANY additional DOCUMENTS requested herein that becomes known to YOU after YOUR initial production of DOCUMENTS in response to these requests.

## REQUESTED MATERIALS

1.      ALL DOCUMENTS RELATING TO YOUR work with BLOCKBUSTER on BLOCKBUSTERONLINE, or any online rental service operated, or to be developed, owned, acquired, or operated by BLOCKBUSTER.

2.      ALL DOCUMENTS RELATING TO NETFLIX, including but not limited to NETFLIX'S online rental methods, user experience, website design, and patents.

3.      ALL DOCUMENTS RELATING TO services, consultation, or other work product provided by ACCENTURE, IBM or other third party consultants to BLOCKBUSTER in connection with BLOCKBUSTERONLINE or any online rental service operated, or to be developed, owned, acquired, or operated by BLOCKBUSTER.

4.      ALL DOCUMENTS RELATING TO analyses of the market in which BLOCKBUSTER and NETFLIX operate as well as of participants in that market, including BLOCKBUSTER and NETFLIX themselves.

5.      ALL DOCUMENTS RELATING TO *Netflix, Inc. v. Blockbuster, Inc.*, Case No.

C-06-2361 (WHA), currently pending in the United States District Court for the Northern District of California.

    6.    DOCUMENTS sufficient to show the reasons for YOUR departure from BLOCKBUSTER.

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On March 28, 2007, I served the following document(s):

**AMENDED NOTICE OF DEPOSITION OF EDWARD STEAD**

☑ by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

William J. O'Brien, Esq.
Alschuler Grossman LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

Executed on March 28, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Diane Blais Miller*
DIANE BLAIS MILLER

372095.01

1
PROOF OF SERVICE
NETFLIX V. BLOCKBUSTER, CASE NO. C 06 2361 WHA