Netflix, Inc. v. Blockbuster Inc.                                                                Doc. 1 Att. 5
Case 3:07-mc-00036   Document 1-6   Filed 04/11/2007   Page 1 of 8
04/06/2007 14:29 FAX 4153977188    KEKER & VAN NEST LLP    JO working copy    ☒002

1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7
                UNITED STATES DISTRICT COURT
8
                NORTHERN DISTRICT OF CALIFORNIA
9

10
   NETFLIX, INC., a Delaware corporation,    Case No. C 06 2361 WHA (JCS)
11
                            Plaintiff,        **AMENDED NOTICE OF DEPOSITION
12                                            OF RICHARD A. FRANK**
         v.
13                                            Date:   April 20, 2007
   BLOCKBUSTER, INC., a Delaware              Time:   9:30 a.m.
14 corporation, DOES 1-50,                    Place:  Figari & Davenport LLP
                                                      3400 Bank of America Plaza
15                          Defendant.                901 Main Street
16                                                    Dallas, TX 75202

17 AND RELATED COUNTERCLAIMS            Complaint filed:   April 4, 2006

18
19
20
21
22
23
24
25
26
27
28

         AMENDED NOTICE OF DEPOSITION OF RICHARD A. FRANK

Dockets.Justia.com

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff, Netflix, Inc., by and through its attorneys, will take the deposition of Richard Allen Frank, 10041 Ferndale Road, Dallas, Texas 75238, telephone: (214) 348-3093, beginning at 9:30 a.m. on April 20, 2007 and continuing from day to day until completed, except for weekends and holidays. Such deposition will take place at the offices of Figari & Davenport, LLP, 3400 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202, telephone (214) 939-2000, or such other time and place as may be mutually agreed upon by counsel.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(2), the deposition will be taken before a notary public or other officer authorized by the law to administer oaths and will be recorded both stenographically and by sound-and-visual means (i.e., by videotape). Furthermore, provision will be made for real-time monitoring using LiveNote™ or similar means. Netflix reserves the right to use these recordings at the time of trial.

A copy of the subpoena for Richard A. Frank's deposition is attached to this notice. Mr. Frank is asked to produce the documents and tangible things as set forth in Attachment A to the Subpoena.

Dated: April 6, 2007

KEKER & VAN NEST, LLP

By: _____
KEVIN T. REED
Attorneys for Plaintiff
NETFLIX, INC.

1

04/06/2007 14:29 FAX 4153977188       KEKER & VAN NEST LLP                    ☒004

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

NETFLIX, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

v.

BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50

Case Number:[1] C 06 2361 WHA (JCS)
United States District Court
Northern District of California

TO: Richard Allen Frank
    10041 Ferndale Road
    Dallas, TX 75238   (214) 348-3083

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Figari & Davenport LLP, 3400 Bank of America Plaza 901 Main St., Dallas, TX 75202 (214) 939-2000 | April 20, 2007 9:30 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A for list of requested materials.

| PLACE | DATE AND TIME |
|---|---|
| Figari & Davenport, LLP, 3400 Bank of America Plaza 901 Main St., Dallas, TX 75202 (214) 939-2000 | April 19, 2007 10:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff NETFLIX, INC. | April 6, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
KEVIN T. REED, KEKER & VAN NEST LLP, 710 Sansome Street
San Francisco, CA 94111   (415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

04/06/2007 14:29 FAX 4153977188          KEKER & VAN NEST LLP                    ☒005

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE                              PLACE

**SERVED**

SERVED ON (PRINT NAME)                          MANNER OF SERVICE

SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE                            SIGNATURE OF SERVER

                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1. "YOU" and "YOUR" refers to Richard A. Frank and his agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on his behalf.

2. "PERSON" means individual, individuals, entity, or entities, including, but not limited to, firms, associations, organizations, corporations, partnerships, joint ventures, trusts, or other collective organization or entity, any federal, state, or local government or governmental agency, and any foreign government or foreign government agency or other organization recognizable at law, and the "acts" of a person, are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

3. "PATENTS-IN-SUIT" means any of the following, both individually and collectively:

   i. United States Patent No. 7,024,381, entitled "Approach for Renting Items to Customers," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued April 4, 2006, on an application filed May 14, 2003;

   ii. United States Patent No. 6,584,450, entitled "Method and Apparatus for Renting Items," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued June 24, 2003, on an application filed April 28, 2000;

   iii. United States Patent Application No. 10/438,727, filed May 14, 2003; and

   iv. United States Patent Application No. 09/561,041, filed April 28, 2000.

4. "NCR" as used herein means NCR Corporation, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

5. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs,

1

phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

6. "COMMUNICATION" means any provision, receipt, or exchange of any information in any manner or form, including any oral, telephonic, written, electronic or other means of communication.

7. "RELATING TO" means in whole or in part constituting, containing, concerning, discussing, referring, describing, analyzing, identifying, evidencing, or stating.

8. The singular form of a word should be interpreted as plural wherever necessary to bring with the scope of the request any information that might otherwise be construed to be outside its scope.

9. The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

10. In responding to these Requests, YOU are required to furnish all documents that are available to YOU, including documents in the possession, custody or control of YOUR attorneys, officers, agents, employees, accountants, consultants, representatives, or any persons directly or indirectly employed by or connected with YOU or YOUR attorneys or anyone else subject to YOUR control. All documents that are responsive, in whole or in part, to any portion of these Requests shall be produced in their entirety, including all attachments.

11. All documents should be produced as they are kept in the ordinary course of business or should be organized and labeled to correspond to the specific requests to which they are responsive. All documents should be produced in any file folder or carton in which they have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found.

1 12. If and to the extent that YOU object to any request, state with specificity all grounds for any such objection.

3 13. If YOU assert any claim of privilege to object to any request, and YOU do not respond based upon that asserted privilege, state or identify with respect to each such privilege objection: (a) the privilege upon which YOU are relying; and (b) with respect to any specific document(s) as to which YOU assert a privilege, provide a privilege log corresponding to all such documents.

### REQUESTED MATERIALS

1. All DOCUMENTS, including but not limited to COMMUNICATIONS, RELATING TO the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

2. All DOCUMENTS RELATING TO any study, analysis, review, conclusion or opinion (including opinion of counsel) by either Richard A. Frank or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT, or to the research, investigation or preparation of any such DOCUMENT.

3. All COMMUNICATIONS RELATING TO agreements to license any patents owned or controlled by NCR.

4. All DOCUMENTS reflecting royalties paid by third parties to NCR relating to any NCR intellectual property.

5. All DOCUMENTS RELATING TO agreements to resolve any claims of infringement of any patents owned or controlled by NCR.

04/06/2007 14:30 FAX 4153977188       KEKER & VAN NEST LLP                    ☒009

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On April 6, 2007, I served the following document(s):

**AMENDED NOTICE OF DEPOSITION OF RICHARD A. FRANK**

by **FACSIMILE TRANSMISSION (PERSONAL) AND UNITED STATES MAIL**, by transmitting via facsimile a true and correct copy on this date. The transmission was reported as complete and without error. Additionally, a true and correct copy was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

Marshall B. Grossman, Esq.
William J. O'Brien, Esq.
ALSCHULER GROSSMAN LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
Fax: 310/907-2033
mgrossman@alschuler.com
wobrien@alschuler.com

Executed on April 6, 2007, at San Francisco, California.

I, Roseann Cirelli, declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____
ROSEANN CIRELLI

1