```
                    STEVENSON ROUGH 4-10-07.txt
 3      Q.    Prior to decided to go waive its the
 4   attorney-client privilege, did Blockbuster retain all of
 5   its communications regarding the validity or invalidity
 6   of the '450 patents?
 7               MR. RAIFF:  Let me object again that its
 8   systems facts and, it is beyond the extent of scope of
 9   this deposition and it asks you to reveal information
10   covered by the attorney-client privilege or the work
11   product privilege.  If you can answer based on those
12   instructions, you can.  Otherwise, I instruct you not
13   to.
14      A.    I cannot answer that question.
15      Q.    You're going to follow your counsel's
16   instructions not to answer that question?
17      A.    Yes.
18      Q.    Prior to Blockbuster's decision to waive the
19   attorney-client privilege with respect to the '450
20   patent, did Blockbuster receive any written documents
21   from Alschuler Grossman regarding the validity or
22   invalidity of the '450 patent?
23               MR. RAIFF:  I'll instruct you not to
24   answer that as well on the grounds that it is beyond the
25   scope of this deposition, assumes facts and is
                                                          199


 1   privileged under attorney-client privilege and work
 2   product privilege.
 3      Q.    I think I'm entitled to a yes or no answer to
 4   that question.
 5               MR. RAIFF:  No, you're not.
 6      Q.    Are you going to follow your counsel's
 7   instruction not to answer?
                       Page 170
```

```
               STEVENSON ROUGH 4-10-07.txt
 3   any documents relatesing to the validity or invalidity
 4   of the 381 patent from any outside counsel?
 5              MR. RAIFF:  Same objection and struck,
 6   instruct you not to answer, again the question systems
 7   facts, is beyond the scope of this deposition as agreed
 8   upon.  Is beyond the scope of Category 8 and is
 9   requesting privileged information and is improper use of
10   this deposition and is harassing.
11        Q.   Are you going to follow his instructions?
12        A.   Yes.
13        Q.   Mr. Stevenson, what did you do to prepare for
14   your deposition here today?
15        A.   I met with counsel.
16        Q.   When did you meet with counsel?
17        A.   Yesterday.
18        Q.   With whom did you meet?
19        A.   I met with Bill O'Brien and Mike Raiff.
20        Q.   And how long did that meeting last?
21              MR. RAIFF:  I know, that's questionable
22   whether that invades said work printout and
23   attorney-client privilege.  Assume you agree that it is
24   not a waiver, I will let him answer.  Do you agree it's
25   not a waiver?
                                                        206


 1              MR. PAIGE:  I do.
 2              MR. RAIFF:  You can answer that, if
 3   you --
 4        A.   Approximately 6 hours.
 5        Q.   At that meeting, did you discuss the validity
 6   or invalidity of either the '450 or '381 patents?
 7              MR. RAIFF:  Obviously we're not going to
                              Page 176
```

STEVENSON ROUGH 4-10-07.txt

8  get into that because it is beyond the scopes of this
9  deposition and it is protected by the attorney-client
10 privilege and work product privileges and is harassing,
11 is an improper use of this deposition and going to
12 instruct him not to answer that question.
13      Q.   Are you going to follow that instruction?
14      A.   Yes.
15           MR. PAIGE:  Mr. Stevenson, I have no
16 further questions for you.  I thank you for your time
17 and courtesy today.
18      A.   Thank you, Gene.
19           MR. PAIGE:  Counsel?
20           MR. RAIFF:  No, we reserve any questions.
21           THE VIDEOGRAPHER:  This is the end of
22 tape 4, Volume 1 of the deposition of Bryan Stevenson.
23 Going off the record, the time is 5:35 p.m.
24           (Deposition concluded) .
25           MR. RAIFF:  It's been explained to me

                                                    207


1  that at the deposition of a third party, is my
2  understanding, it's a third party witness who has been
3  subpoenaed pursuant to rule 45, my understanding is he
4  is going to be appearing at his deposition tomorrow at
5  Vinson & Elkins, and not here at Figari Davenport.  It's
6  right down the street from where we are today.  And so I
7  didn't want there to be any confusion on where the
8  witness will be tomorrow.
9            MR. PAIGE:  And let me make clear on the
10 record that we have depositions noticed for this office
11 all week; that Bill O'Brien made a proposal to move