Netflix, Inc. v. Blockbuster Inc.                                                                                                                                      Doc. 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NETFLIX, INC. | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 3-07-MC-0036-K |
| | § |
| BLOCKBUSTER, INC. | § |
| | § |
| Defendant. | § |

## ORDER

Blockbuster, Inc., for itself and three of its current or former employees, has filed a motion for protective in connection with certain deposition notices and subpoenas served by Netflix, Inc.[1] At issue are depositions in a patent infringement case pending in California federal court which are scheduled to take place in Dallas, Texas during the weeks of April 9 & 16, 2007. According to Blockbuster, Netflix is using these depositions to invade the attorney-client privilege and force the disclosure of privileged communications. As an example of this improper motive, Blockbuster points to the deposition of one of its in-house attorneys, Bryan Stevenson, taken on April 10, 2007. At that deposition, counsel for Nexflix asked Stevenson: (1) whether Blockbuster retained all of its communications regarding the validity or invalidity of the patents-in-suit; (2) whether Blockbuster received any written documents from its trial counsel regarding the validity or invalidity of the patents-in-suit; and (3) whether Stevenson discussed the validity or invalidity of the patents with trial counsel prior to the deposition. (*See* Mot., Exh. D). Counsel objected to each question based on the

---

[1] The Blockbuster employees noticed for depositions are: (1) Edward B. Stead, former Executive Vice-President and General Counsel; (2) Shane Evangelist, current Senior Vice-President, and (3) Richard Allen Frank, former Vice-President. In addition, Netflix has served a Rule 30(b)(6) deposition notice on Blockbuster, who has designated Evangelist and Bryan Stevenson, one of its in-house lawyers, as corporate representatives.

Dockets.Justia.com

attorney-client privilege and instructed Stevenson not to answer. (*Id.*). In addition, Netflix has served a subpoena duces tecum on the law firm of Alschuler Grossman, LP, Blockbuster's trial counsel, seeking, *inter alia*, "[a]ll communications between Alschuler and Blockbuster regarding the validity or invalidity of any claim of either of the patents-in-suit." (*Id.*, Exh. B-5).[2] Although Blockbuster recognizes that a limited waiver of the privilege has occurred because it asserts an "advice of counsel" defense to Netflix's claim of willful infringement, it contends that Netflix is attempting to turn that limited waiver into a wholesale waiver of the privilege as to communications with trial counsel. By this motion, Blockbuster and its witnesses seek an order relieving them of any duty to answer questions or produce documents that would divulge privileged communications with trial counsel.

The court notes that the issue of a whether a party waives the attorney-client privilege as to communications with trial counsel by relying on an "advice of counsel" defense to willful infringement is currently pending before the Court of Appeals for the Federal Circuit. *In re Seagate Technology, LLC*, Misc. No. 830, 2007 WL 196403 (Fed. Cir. Jan. 26, 2007). Blockbuster suggests, at a minimum, that the court should stay any discovery on this subject until *Seagate Technology* is decided. The court is inclined to agree, but is not inclined to prevent Netflix from deposing witnesses on issues that do not require Blockbuster to disclose privileged communications with trial counsel. Should the Federal Circuit ultimately decide that the assertion of an "advice of counsel" defense waives the attorney-client privilege as to communications with trial counsel, Netflix would be permitted to re-depose these witnesses as to such communications.

---

[2] A similar request appears in the Rule 30(b)(6) deposition notice to Blockbuster made the basis of this motion. (*See* Mot., Exh. B-4).

However, before any ruling is made on the motion, the court desires briefing from the parties as to whether this discovery dispute should be resolved by the presiding judge in the underlying litigation. While this court clearly has authority to rule on the motion for protective order as to the Rule 45 subpoena served on Richard Allen Frank, which was issued by the clerk of the Northern District of Texas, the same is not necessarily true as to the subpoena served on Edward B. Stead and the deposition notices to Shane Evangelist and Blockbuster--all of which were issued by or under the authority of the United States District Court for the Northern District of California. Although Blockbuster contends that this court has authority to hear this motion pursuant to Fed. R. Civ. P. 26(c) and 30(d)(4), the importance of this threshold jurisdictional issue warrants further briefing by both parties.

With these observations in mind, the attorneys are directed to make one final attempt to resolve this discovery dispute by agreement. The following orders are hereby entered to facilitate the prompt and efficient disposition of this matter:

1. Counsel shall meet face-to-face or confer by telephone in an attempt to resolve all matters in dispute. This conference shall be held by **April 23, 2007.** Any attorney who fails to participate in this conference or negotiate in good faith will be subject to sanctions.

2. The parties shall file a joint status report by **April 25, 2007.** This report must contain the following information: (a) the names of the attorneys who participated in the conference; (b) the date the conference was held and the amount of time the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be heard and determined; and (e) a detailed explanation of the reasons why agreement could not be reached as to those matters. As part of their joint status report, the parties shall fully brief the issue of whether this court has jurisdiction to grant a protective order in connection with the depositions of Edward B. Stead, Shane Evangelist

and Blockbuster, and, if so, whether the court should exercise its discretion in favor of having the presiding judge in the underlying lawsuit decide the motion.[3] The joint status report must be signed by all participating attorneys. Any attorney who fails to sign the report will be subject to sanctions.

The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a discovery dispute. To this end, the parties should present their arguments and authorities in the body of the report. Supporting evidence and affidavits may be submitted in a separate appendix. If further briefing is desired before any unresolved matters are set for a hearing, the joint status report must indicate why the party requesting further briefing could not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

The joint status report must be filed electronically in accordance with Miscellaneous Order 61, the CM/ECF Civil and Administrative Procedures Manual, and the CM/ECF User Guide. A hard copy of the joint status report and any supporting materials shall be *hand delivered* to the chambers of magistrate judge on the same day.

3. The parties shall submit an agreed order in lieu of a joint status report if this discovery dispute is resolved. An agreed order, signed by all counsel of record, must be submitted electronically to Kaplan_Orders@txnd.uscourts.gov by **April 25, 2007**. A hard copy of the signed agreed order must be *hand delivered* to the chambers of magistrate judge on the same day.

4. The court intends to rule on any unresolved issues based on the written submissions of the parties, including the joint status report. *See* N.D. Tex. LCivR 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, the court,

---

[3] The court is also curious as to whether the Alschuler firm has filed a motion to quash the Rule 45 subpoena served by Netflix and, if so, the status of that motion.

in its discretion or upon the request of any party, may schedule oral argument prior to ruling on the motion.

SO ORDERED.

DATED: April 17, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE